UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD ALLEN LANCASTER,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br>ROBERT LeGRAND, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:14-cv-00169-MMD-VPC<br><br>ORDER |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (Dkt. no. 15).

**I.    PROCEDURAL HISTORY**

On March 26, 2010, petitioner was convicted, pursuant to a guilty plea, of one count of promotion of a sexual performance of a minor fourteen years of age or older. (Exh. 9.)[1] Petitioner was sentenced to life imprisonment with parole eligibility beginning after five years. (*Id.*) Petitioner did not appeal his judgment of conviction.

On September 19, 2011, petitioner filed a post-conviction habeas petition in the state district court. (Exh. 20.) The petition was dismissed as untimely. (Exh. 37.) Petitioner appealed from the denial of his post-conviction habeas petition. (Exh. 41.) On November 15, 2012, the Nevada Supreme Court entered an order affirming the

---

[1] The exhibits referenced in this order are found in the Court's record at dkt. nos. 10-13.

dismissal of the habeas petition as untimely. (Exh. 58.) Remittitur issued on December 13, 2012. (Exh. 60.)

On April 11, 2012, while the appeal from the denial of petitioner's post-conviction petition was pending, petitioner filed an original petition for a writ of mandamus in the Nevada Supreme Court. (Exh. 45.) On July 25, 2012, the Nevada Supreme Court denied the petition. (Exh. 54.) The notice in lieu of remittitur was issued on August 20, 2012. (Exh. 55.)

On May 15, 2012, petitioner filed a second post-conviction habeas petition in the state district court. (Exh. 47.) The state district court dismissed the petition. (Exh. 52.) Petitioner did not appeal.

On January 28, 2013, petitioner filed a motion to withdraw his guilty plea in the state district court. (Exh. 63.) The state district court denied petitioner's motion. (Exh. 76.) Petitioner appealed. (Exh. 77.) On January 16, 2014, the Nevada Supreme Court affirmed the denial of petitioner's motion to withdraw his guilty plea, stating that consideration on the merits was precluded by latches and petitioner had no excuse for the delay. (Exh. 91.) Remittitur issued on April 7, 2014. (Exh. 97.)

Petitioner dispatched his federal habeas petition to this Court on March 26, 2014. (Dkt. no. 5.) Petitioner alleges that his counsel was ineffective for failing to inform him that he had a right to a direct appeal or file an appeal on his behalf. Respondents have filed a motion to dismiss the petition. (Dkt. no. 15.) Petitioner has filed an opposition to the motion. (Dkt. no. 17.) Respondents have filed a reply. (Dkt. no. 18.) Petitioner has filed a motion to expedite a decision on the motion to dismiss. (Dkt. no. 23.)

**II.   DISCUSSION**

Respondents argue that the federal petition was untimely filed. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal

///

///

habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways — either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Once the judgment of conviction becomes final, the petitioner has 365 days to file a federal habeas petition, with tolling of the time for filing during the pendency of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d)(1), (2). A habeas petitioner's state post-

conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).

A criminal defendant in Nevada has thirty (30) days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b). If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d at 898. Once the judgment of conviction is final, the defendant has one year to file a federal habeas petition. 28 U.S.C. § 2244(d).

In the present case, petitioner's judgment of conviction was filed on March 26, 2010. (Exh. 9.) Petitioner did not pursue a direct appeal of his judgment of conviction. Where a petitioner does not appeal from his judgment of conviction, the one-year AEDPA limitations period begins to run on the date on which the time to seek appeal expires. 28 U.S.C. § 2244(d)(1)(a); NRAP 4. Thus, petitioner's conviction became final on April 26, 2010, which was the deadline for filing a direct appeal from the judgment of conviction. The one-year AEDPA statute of limitations began to run on April 27, 2010, and expired on April 27, 2011. The first page of the federal habeas petition indicates that the petition was dispatched (given to prison staff for mailing) to this Court on March 26, 2014. (Dkt. no. 5 at 1, item 5). This Court deems petitioner's federal petition to be filed on March 26, 2014. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing). As such, the federal petition was filed well after the AEDPA statute of limitations had expired.

The Court notes that none of petitioner's post-conviction petitions or motions was a "properly filed" application for post-conviction relief or other collateral review of the judgment, and therefore, none of his filings tolled the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Petitioner's first state post-conviction habeas petition, which was

untimely filed on September 19, 2011, did not statutorily toll the AEDPA statute of limitations. (Exh. 20.) The state district court denied the petition as untimely. (Exh. 37.) In the order of affirmance, the Nevada Supreme Court held that petitioner's post-conviction state habeas petition was untimely pursuant to NRS § 34.726 and that petitioner failed to demonstrate good cause for the delay in filing his petition. (Exh. 58.) Because it was untimely under state law, the state post-conviction habeas petition was not a "properly filed application" that would toll the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo,* 544 U.S. at 412-16.

On April 11, 2012, petitioner filed an original petition for a writ of mandamus in the Nevada Supreme Court. (Exh. 45.) The petition challenged the district court's order denying petitioner's motions for transcripts, and was not a challenge to his conviction or sentence. (Exhs. 45 & 54.) Therefore, it was not a "properly filed" application for post-conviction relief or other collateral review of the judgment, and therefore, it did not toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2).

Petitioner filed a second state post-conviction habeas petition on May 15, 2012. (Exh. 47.) Because the petition was untimely filed under state law, the state post-conviction habeas petition was not a "properly filed application" that would toll the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo,* 544 U.S. at 412-16.

On January 28, 2013, petitioner filed a motion to withdraw his guilty plea. (Exh. 63.) The Nevada Supreme Court held that the motion was barred by latches. (Exh. 91.) Therefore, the motion was not a "properly filed application" that would toll the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo,* 544 U.S. at 412-16.

The period of time including April 27, 2010 (the day after petitioner's conviction became final), up to and including March 26, 2014 (the date petitioner dispatched his federal habeas petition), is 1,430 days. Because none of this time was statutorily tolled, the federal habeas petition is untimely and subject to dismissal.

///

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). "[A] garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a [litigant] to miss a filing deadline . . . does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (internal quotations omitted). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner has failed to make any showing that he pursued his rights diligently and that any extraordinary circumstance prevented him from filing a timely federal habeas petition. Petitioner alleges that his counsel was ineffective for failing to inform him that he had a right to a direct appeal or file an appeal on his behalf. However, petitioner's lack of knowledge as to his appellate right, or his counsel's failure to file an appeal on his behalf, does not amount to extraordinary circumstances that warrant tolling. *See id.* Petitioner is not entitled to equitable tolling and the federal petition must be dismissed as untimely.

///

///

### III. CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

### IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt. no. 15) is granted.

It is further ordered that the petition is dismissed with prejudice as untimely.

It is further ordered that petitioner's motion to expedite (dkt. no. 23) is denied as moot.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 7th day of August 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE